UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY WILLIAMS, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:11-cv-535 (VLB) |
| : | June 17, 2011 |
| DET. DAVID McKNIGHT, et al., : | |
|     Defendants. : | |

## ORDER

The plaintiff, currently incarcerated at the New Haven Correctional Center in New Haven, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names four defendants, Waterbury Police Department Detectives David McKnight, Orlando Rivera, Christopher Shea and Gerald Hanson.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, ___

U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on May 16, 2009, he was arrested on a charge of robbery. While he was in custody, he was charged in a second robbery. The police said that the victim of the first robbery identified the plaintiff from a photo array and the detective determined that surveillance footage from the second robbery indicated that both crimes were committed by the same person. Also a former girlfriend identified the plaintiff from the surveillance footage. The plaintiff denies that either person identified him.

The plaintiff brings a claim for false arrest. He alleges that defendant McKnight included false information in his arrest affidavit and, as a result, he was arrested and convicted of both charges of robbery of a liquor store. The Connecticut Judicial Branch website confirms that the plaintiff was convicted on both charges. See State v. Williams, No. UWY-CR09-0380698-T, and State v. Williams, No. UWY-CR09-0382340-T, www.jud2.ct.gov/crdockets (last visited June 15, 2011). There is no claim for false arrest where the plaintiff was convicted of the offense for which he was arrested. Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) (plaintiff cannot recover on claim for false arrest if he was convicted of

the offense for which he was arrested). Accordingly, the complaint is dismissed.

ORDERS

In accordance with the foregoing analysis, the court enters the following order:

The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i). Any appeal of this order would not be taken in good faith. The Clerk is directed to enter judgment in favor of the defendants and close this case.

IT IS SO ORDERED.

              /s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 17, 2011.